NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0650n.06

No. 09-5381

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Sep 01, 2011

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| ANTOINE OWENS, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |
| | ) | |

BEFORE:   COLE, ROGERS, and GRIFFIN, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-Appellant Antoine Owens appeals his 63-month sentence imposed by the district court following his guilty plea to one count of conspiracy to violate civil rights under 18 U.S.C. § 241.  On appeal, Owens contends that the district court's determination that Owens played more than a minor role in the offense was clearly erroneous and that the district court erred by failing to make factual findings under Federal Rule of Criminal Procedure 32.  Because the district court did not err in either respect, we **AFFIRM**.

**I.**

In October or November of 2004, Arthur Sease, a Memphis police officer, called and asked Antoine Owens, a fellow officer, to stop a black truck containing drugs and money in a Walgreens parking lot.  Sease offered Owens money in exchange for the stop and Owens agreed.  Once at the Walgreens, Owens called Sease and asked him to meet him there.  After Sease and a third officer,

Alexander Johnson, arrived, Owens pulled over the truck. Next, the officers removed three males from the truck and searched them. Owens confiscated between $600 and $700 from one of the individuals. Owens put the three men and the money in his squad car. After searching the truck, Sease confiscated one half of a kilogram of cocaine he found in another vehicle in the parking lot. Sease instructed Owens to take one of the men to a nearby car wash, where Sease was to meet Owens and ask the man some questions. Afterwards, Owens, Sease, and Johnson met at a baseball field where Sease paid Owens $500 for his assistance and Owens split the cash he had confiscated between the three officers.

Owens pleaded guilty to one count of conspiracy to violate civil rights in violation of 18 U.S.C. § 241. The district court calculated Owens's total adjusted offense level at 29 and found him to be in criminal history category I, resulting in a United States Sentencing Guidelines ("U.S.S.G." or "guidelines") range of 87 to 108 months. Owens moved for a two-level minor-participant adjustment, which would have reduced his guidelines range to 70 to 87 months. The district court denied Owens's motion, stating that Owens was a "regular participant in this activity . . . not minimal or minor." (Sentencing Hr'g Tr., Dist. Ct. Docket No. 468, at 18.) However, the district court did grant the government's motion for a departure under § 5K1.1 for substantial assistance to authorities. Departing 24 months below the bottom of the guidelines range, the district court sentenced Owens to 63 months of imprisonment. Owens appealed.

**II.**

Owens's primary argument on appeal is that the district court errred in denying his motion for a mitigating role adjustment. Section 3B1.2(b) of the guidelines directs courts to reduce a

defendant's offense level by two levels if the defendant "was a minor participant in any criminal activity." We have explained that "[t]he 'minor participant' reduction is available only to a party who is 'less culpable than most other participants' and 'substantially less culpable than the average participant.'" *United States v. Lloyd*, 10 F.3d 1197, 1220 (6th Cir. 1993) (quoting U.S.S.G § 3B1.2, cmt. n.3). We review "'a district court's denial of a mitigating role adjustment to a defendant's offense level for clear error.'" *United States v. Lanham*, 617 F.3d 873, 888 (6th Cir. 2010) (quoting *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001)).

Owens argues that "[n]othing in the record suggests that [he] was part of a long-term scheme to violate civil rights . . . [and that] he had a relatively minor role to play in the over all [sic] offense encompassed by the 50 count superseding indictment." (Owens's Br. 20.) In cases of conspiracy, however, defendants are not entitled to a minor participant reduction simply because they were "minor participants . . . in the conspiracy as a whole"; rather, the "salient issue is the role the defendant played in . . . the activity for which the court held him or her accountable." *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002) (internal citations and quotation marks omitted). In this case, Owens may have been a minor participant in the larger conspiracy as a whole, but he did not play a minor role in the robbery at the Walgreens parking lot for which the district court held him accountable.

Owens contends that his actions required no "special skills" and that he was an expendable part of the operation. That the actions performed by Owens were not particularly difficult is irrelevant. Owens stopped the black truck, searched the victims, confiscated hundreds of dollars in cash from the victims, put the victims in his squad car, transported one of the them to a car wash,

and subsequently divided the money he seized with his co-conspirators. Although Sease may have been able to recruit another person to perform these acts or to even perform them himself, it was Owens who actually carried them out. Thus, it cannot be said that Owens was "less culpable" than the other two officers. *See Lloyd*, 10 F.3d at 1220. Accordingly, the district court did not clearly err in denying Owens's motion for a minor role adjustment.

Next, Owens argues that Federal Rule of Criminal Procedure 32(i)(3) required the district court to make factual findings in support of its denial of Owens's § 3B1.2 motion, and that the district court failed to do so. "We review the district court's compliance with Federal Rule of Criminal Procedure 32(i) de novo." *United States v. White*, 492 F.3d 380, 414 (6th Cir. 2007). Rule 32 provides, in relevant part, that:

> At sentencing, the court:
> (A) may accept any undisputed portion of the presentence report as a finding of fact;
> (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Fed. R. Crim. P. 32(i)(3). Owens claims that accepting the facts provided in the presentence report is insufficient because the report only provided a conclusory statement regarding Owens's role in the offense. But this argument ignores the more detailed description of the Walgreens robbery contained in the report. The district court read this portion of the report aloud at the sentencing hearing and confirmed with both the government and defense counsel that this was the relevant offense conduct. Furthermore, Owens agreed that the details contained in the report concerning his

actions during the Walgreens robbery were accurate. As we have previously explained, "[w]e can find no reason to require a district court to make independent findings outside the PSR when the facts are undisputed." *United States v. Treadway*, 328 F.3d 878, 886 (6th Cir. 2003); *see also United States v. Freeman*, 640 F.3d 180, 187-88 (6th Cir. 2011). Because there were no factual disputes related to the adjustment for the district court to resolve, the district court was free to "accept [the] undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A).

**III.**

For the reasons stated above, we **AFFIRM** Owens's sentence.